IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBIN M. LEE, NEV. ID #2854282, | ) ) | CIVIL NO. 13-00467 HG/KSC |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS |
| vs. | ) ) | APPLICATION PURSUANT TO 28 U.S.C. §§ 1915(e)(2), |
| IRS, | ) ) | 1915A(a), and 1915(g) |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A(a), and 1915(g)

Before the court is *pro se* Plaintiff Robin M. Lee's prisoner civil rights complaint and request for waiver of fees. Lee is presently incarcerated in the Clark County Detention Center, in Las Vegas, Nevada. The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915A(a) & 1915(e)(2)(B) and dismisses it as frivolous and for failure to state a claim. Lee's request for waiver of fees, construed as an incomplete *in forma pauperis* application, is DENIED pursuant to 28 U.S.C. § 1915(g).

### I.  BACKGROUND

Lee's complaint is largely illegible. From what the court can decipher, Lee claims that President Obama extended a billion dollar loan to him in or about 2011 and/or February 2013, and that, but for "Judge [Vaughan] Walker[,] Lee probably would

have had a presidential pardon in [2011]."[1]  Compl., ECF No. 1.

Lee refers to previous lawsuits he has brought, alleges that he

has been illegally incarcerated since October 25, 1992,[2] and

requests the United States Attorney for the District of Hawaii to

dismiss unidentified "fraud" charges.

Lee signed the Complaint on September 3, 2013, and the

court received it on September 9, 2013.  *See* ECF No. 1-1.  On the

same day the court received Lee's complaint, he was indicted for

racketeering under 18 U.S.C. § 1962 *et seq.*, and false and

fraudulent claims under 18 U.S.C. § 287.  *See United States v.

Esera, et al.*, Crim. No. 13-00860 LEK (D. Haw.).[3]  Based on this

timeframe, it is clear Lee is not challenging his federal charges

in this action.  Moreover, Lee filed a civil action on August 28,

2013, in the United States District Court for the District of

---

[1] The court concludes Lee refers to the Honorable Vaughan
Walker, Retired United States District Judge for the Northern
District of California, because Lee refers to Judge Walker in
another pleading filed with the present case and Walker was
assigned to several of Lee's cases in the Northern District of
California.  *See* Civ. No. 13-00468 SOM.

[2] Lee consistently files actions labeled as petitions for
writ of habeas corpus no matter the claims he asserts, in an
apparent effort to avoid the bars imposed generally against all
prisoners under the Prison Litigation Reform Act of 1995
("PLRA"), and specifically imposed against him under 28 U.S.C.
§ 1915(g).  The court does not consider this action a petition
for writ of habeas corpus because of the nature of its claims,
despite his request for dismissal of his Nevada charges.

[3] The federal criminal indictment against Lee and his co-
defendants was unsealed on September 24, 2013.

Nevada.[4]  *See* Civ. No. 2:13-cv-01551 JAD, Petition, ECF No. 1-1 at 2.  Lee refers to his *July 21, 2013*, arrest in Nevada in that action, indicating those are the charges he seeks to have dismissed.

On September 25, 2013, Chief United States District Judge Mollway lifted the Prefiling Review Order entered against Lee on March 27, 2001, in Civ. No. 00-00742 SOM.  *See* Misc. No. 13-00182 SOM, Order, ECF No. 1.  Judge Mollway found that, because more than twelve years have passed since Lee's Prefiling Review Order was entered, Lee was not a prisoner when the Prefiling Review Order was entered, and the "PLRA [is] better suited to evaluate and screen [Lee's] pleadings," now that Lee is again incarcerated, lifting the Prefiling Review Order was appropriate.  *Id.*

## II.  <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by prisoners regarding prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental

---

[4]  A court may take judicial notice of facts "not subject to reasonable dispute" if they are: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002).  The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

3

entity and dismiss a complaint or claim if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint fails to state a claim on which relief may be granted if it fails to allege the "grounds" for the plaintiff's "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation omitted).  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(quoting *Twombly*, 550 U.S. at 555)(further citations omitted).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must plead "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A claim is frivolous if its allegations are bizarre, irrational, or incredible. *Edwards v. Snyder*, 478 F.3d 827, 829-30 (7th Cir. 2007); *see Gladney v. Pendleton Corr. Facility*,

4

302 F.3d 773, 774 (7th Cir. 2002) ("Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim.  Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so . . . 'delusional' . . . that they're unbelievable[.]"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is factually frivolous if it is "clearly baseless"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.")

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson*, 551 U.S. at 94; *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally").  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. <u>DISCUSSION</u>

First, Lee's claims regarding billion dollar loans, presidential pardons, and previous billion dollar lawsuits against E*Trade and others, naming the Internal Revenue Service as defendant, are incoherent, delusional, and have no apparent basis in law or fact.  Lee has made similar implausible,

5

incredible claims many times over the years.  *See* Order Lifting

Prefiling Review Order, ECF No. 5, Exhs. 5-1, 5-2, 5-3.

Second, court records reveal that Lee has been in and

out of prison since he began filing actions in this court.  As

noted, Lee states in Civ. No. 2:13-cv-01551 JAD (D. Nev. 2013),

that he has only been incarcerated since July 21, 2013.  This

clearly contradicts his claim that he has been illegally

incarcerated since on or about October 25, 1992.  Nor does Lee

explain the connection between his alleged billion dollar loans,

failed presidential pardon, and suits against E*Trade and his

past or present incarceration.

Third, Lee's request that the United States Attorney

for the District of Hawaii dismiss his Nevada state criminal

charges based on Lee's outlandish claims of unpaid loans,

unexecuted presidential pardons, interference by Judge Walker,

and previous lawsuits is completely frivolous.  Lee fails to

explain the United States Attorney's jurisdiction to dismiss

these charges, his request is duplicative of relief he is

pursuing in Nevada, and his putative claims are improperly

brought in a civil rights action under either 42 U.S.C. § 1983 or

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Further, Lee provides no statement of facts remotely

suggesting the basis for a constitutional violation.  Even if Lee

provided such a statement, he has a full and fair opportunity to

raise and litigate any constitutional claims challenging his state claims or federal indictment within his criminal proceedings under the United States Constitution.

Finally, although a court may stay a civil action when a plaintiff files a false arrest claim or other claim related to rulings that will likely be made in a pending or anticipated criminal trial, *see Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), Lee's claims are too insignificant and implausible to warrant a stay.  If Lee is convicted in Nevada or in his pending federal prosecution, he may challenge his putative claims on direct appeal or in a post-conviction petition.

### IV. <u>28 U.S.C. § 1915(g)</u>

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* ("IFP") if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because

it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Lee has had at least three cases dismissed in this court that qualify as "strikes" under 28 U.S.C. § 1915(g).  *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (stating, "district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)").  They include:

> (1) *Lee v. Lee*, Civ. No. 98-00209 HG (D. Haw. 1998) (dismissed May 7, 1998, as frivolous and for failure to state a claim);
>
> (2) *Lee v. Haw. Visitors Bureau*, Civ. No. 98-00210 ACK (D. Haw. 1998) (dismissed April 17, 1998, after failing to amend compliant found frivolous and failing to state a claim); and
>
> (3) *Lee v. Lee*, Civ. No. 98-00380 ACK (D. Haw. 1997) (dismissed Aug. 7, 1998, after failing to amend compliant found frivolous and failing to state a claim).[5]

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last

_____

[5] See also, *Lee v. Chun*, Civ. No. 98-00219 ACK; *Lee v. City of Honolulu*, Civ. No. 99-00354 ACK; and *Lee v. Estate of Plaintiff*, Civ. No. 99-00370 SOM.  The court notified Lee of his strikes in its March 27, 2001 Order Imposing Prefiling Review. *See* Misc. No. 06-00042 HG, ECF No. 2-4.

visited September 26, 2013).  Lee may not bring a civil action without complete prepayment of the $400.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.

Nothing within Lee's Complaint suggests he was in imminent danger of serious physical injury when he filed this action.  Lee may not proceed without prepayment of the civil filing fee.  Lee's waiver of fees request is DENIED without prejudice pursuant to 28 U.S.C. § 1915(g).

## V. <u>CONCLUSION</u>

1.   The Complaint is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2.   Lee's claims are not subject to amendment and leave to amend is DENIED.  *See Lopez*, 203 F.3d at 1130.

3.   Lee's request for waiver of fees or IFP status is DENIED because the Complaint is frivolous and fails to state a

9

claim, *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987), and pursuant to 28 U.S.C. § 1915(g).

4.   The Clerk SHALL enter judgment noting that this dismissal was made pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Lee is NOTIFIED that this dismissal may later count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 27, 2013.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Lee v. IRS*, 1:13-cv-00467 HG/KSC; G:\docs\kelly\Orders\Denise\13cv467 Lee v. IRS.Dismiss Action and Deny IFP.wpd